IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| FERZULA ELMAZI,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>HEADWAY TECHNOLOGIES, INC., HUTCHINSON TECHNOLOGY INC., MAGNECOMP PRECISION TECHNOLOGY PUBLIC CO. LTD., NAT PERIPHERAL (DONG GUAN) CO., LTD., NAT PERIPHERAL (H.K.) CO., LTD., NHK SPRING CO. LTD., NHK INTERNATIONAL CORPORATION, NHK SPRING (THAILAND) CO., LTD., NHK SPRING PRECISION (GUANGZHOU) CO., LTD., SAE MAGNETICS (H.K.) LTD., AND TDK CORPORATION,<br><br>　　　　　　　Defendants. | Case No. 3:19-cv-12244-RHC-EAS |

**STIPULATION AND ORDER REGARDING
EXTENSION OF TIME TO RESPOND TO COMPLAINT
AND ACCEPTING SERVICE**

**WHEREAS,** Plaintiff filed a complaint on behalf of a class of indirect purchasers of Hard Disk Drive ("HDD") suspension assemblies against NHK International Corporation, (the "Domestic Stipulating Defendant"), and NHK Spring Co., Ltd., NAT Peripheral (Hong Kong) Co., Ltd., NAT Peripheral (Dong Guan) Co., Ltd., NHK Spring (Thailand) Co., Ltd., and NHK Spring Precision (Guangzhou) Co., Ltd. (the " Foreign Stipulating Defendants") (collectively, the "Stipulating Defendants") and other defendants, alleging violations of Section 1 of the

Sherman Act and various state laws in connection with sales of HDD suspension assemblies (the "Complaint").

**WHEREAS,** several related civil actions have been filed in this District and other District Courts across the country, including *Integrity Financial Services of Tampa Bay Inc., v. NHK Spring Co.*, No. 2:19-cv-12258-MOB-APP (E.D. Mich. July 31, 2019); *CMP Consulting Services, Inc. v. NHK Spring Co.*, No. 2:19-cv-12337-PDB-SDD (E.D. Mich. August 7, 2019); *Cimino v. Headway Technologies, Inc.*, No. 1:19-cv-07428-AJN (S.D.N.Y. August 8, 2019); *Now Micro, Inc. v. Headway Technologies, Inc.*, No. 0:19-cv-02196-ECT-TNL (D. Minn. August 9, 2019); *Walnum v. Headway Technologies, Inc.*, No. 3:19-cv-04738-JSC (N.D. Cal. August 13, 2019); *Kawahara v. Headway Technologies, Inc.*, No. 4:19-cv-04828-DMR (N.D. Cal. August 14, 2019); *Fahey v. Headway Technologies, Inc.*, No. 2:19-cv-12407-AC-DRG (E.D. Mich. August 15, 2019); *Kehilat Romemu Corp. v. NHK Spring Co.*, No. 2:19-cv-12459-SJM-EAS (E.D. Mich. August 21, 2019); *Glover v. Headway Technologies, Inc.,* No. 3:19-cv-05268-LB (N.D. Cal. August 22, 2019); *Voyager Technology Solutions, LLC v. Headway Technologies, Inc.,* No. 0:19-cv-02357-ECT-TNL (D. Minn. August 27, 2019); *Oda v. Headway Technologies, Inc.,* No. 0:19-cv-02372-PJS-BRT (D. Minn. August 28, 2019), and it is possible that other such actions will continue to be filed (together, the "Related Actions").

**WHEREAS,** on August 9, 2019, a Motion for Consolidation and Transfer under 28 U.S.C. § 1407 was filed before the Judicial Panel on Multidistrict Litigation (the "JPML") for transfer and consolidation and/or coordination of the Related Actions, and it is expected that a consolidated amended complaint ("CAC") will be filed in this action following an order of the JPML.

**NOW, THEREFORE,** it is hereby stipulated and agreed that to preserve both

party and judicial resources pending the filing of a CAC for this action and any Related Actions, Plaintiff, on behalf of himself and all others similarly situated in this action, and the Stipulating Defendants, by and through their undersigned counsel, stipulate to the following with respect to this action:

1. Stipulating Defendants need not answer, move to dismiss, or otherwise respond to the Complaint until after the JPML rules on whether to transfer the Related Actions for consolidation and/or coordination.

2. The Domestic Stipulating Defendant shall have sixty days to answer, move to dismiss, or otherwise respond to the operative Complaint in the above-captioned action from the earlier of (a) the filing of a CAC, unless the transferee court sets a different schedule; (b) notice served by Plaintiff that it will not file a CAC; or (c) service of the JPML's decision that the Related Actions will not be transferred for consolidation and/or coordination.

3. If any Stipulating Defendant files an answer, moves to dismiss, or otherwise responds to the complaint in any Related Action prior to the date required by this Stipulation, that Stipulating Defendant will concurrently answer, move to dismiss, or otherwise respond as permitted by the Federal Rules in the above-captioned action.

4. If any Stipulating Defendant provides any discovery pursuant to discovery notice, agreement, or court order in any of the Related Actions, that Stipulating Defendant shall concurrently provide the discovery to Plaintiff, provided that prior to making the discovery available to Plaintiff, a Protective Order concerning the disclosure of confidential information or trade secrets is entered pursuant to Federal Rule of Civil Procedure 26(c).

5. Other than insufficiency of service on the Domestic Stipulating Defendant or insufficiency of service on the Foreign Stipulating Defendants insofar as such Foreign

Stipulating Defendant responds to the Complaint pursuant to paragraphs 3 or 7 of this Stipulation, this Stipulation shall not constitute a waiver of:   (a) any jurisdictional defenses that may be available under Fed. R. Civ. P. 12; (b) any affirmative defenses under Fed. R. Civ. P. 8; (c) any other statutory or common law defenses that may be available to the Stipulating Defendants in this action or any Related Action in response to either the Complaint or any CAC that may be filed.

6. Plaintiff need not serve the operative Complaint on the foreign Stipulating Defendants in the above-captioned action until after the JPML rules on whether to transfer the Related Actions for consolidation and/or coordination.

7. If the Related Actions are transferred for consolidation and/or coordination, Counsel for the Stipulating Defendants will agree to accept service of any CAC that is filed in the Related Actions on behalf of the Stipulating Defendants in satisfaction of the requirements of Fed. R. Civ. P. 4 at the time that a Case Management Order is entered by the transferee Court, and the Foreign Stipulating Defendants will respond to the CAC on the same schedule and with the same deadlines as responses to the CAC by the Domestic Stipulating Defendant.

8. If the JPML declines to transfer the Related Actions for consolidation and/or coordination, Plaintiff and the Foreign Stipulating Defendants will meet and confer regarding service on the Foreign Stipulating Defendants of the operative Complaint, or any subsequently filed Amended Complaint, in the above-captioned action, and responsive pleading deadlines for the same.

9. Nothing in this Stipulation shall preclude Plaintiff or the Stipulating Defendants from seeking to amend the filing deadlines set forth herein.

- 5 -

| | |
|---|---|
| *On behalf of Plaintiff:* | *On behalf of the Stipulating Defendants:* |

/s/   *Hollis Salzman*
**ROBINS KAPLAN LLP**

/s/   *Shpetim Ademi*
ADEMI & O'REILLY, LLP

/s/   *E. Powell Miller*
THE MILLER LAW FIRM

/s/   _Mark H. Hamer_____
BAKER MCKENZIE LLP

**IT IS SO ORDERED.**

**DATED:**   September 17, 2019            s/Robert H. Cleland
                                            Judge Robert H. Cleland

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and sent to counsel for the Stipulating Defendants by electronic mail.

By: /s/ *Hollis Salzman*
Hollis Salzman
**ROBINS KAPLAN LLP.**
399 Park Avenue, Suite 3600
New York, NY 10022
Telephone: (212) 980-7400
Facsimile:   (212) 980-7499
hsalzman@robinskaplan.com